# Exhibit 2

| | |
|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br>Court Address:<br>501 N Elizabeth Street<br>Pueblo, CO 81003 | DATE FILED<br>April 29, 2025 3:35 PM<br>FILING ID: AEFCBE12AA6EF<br>CASE NUMBER: 2025CV30269 |
| Plaintiff: JEANETTE FISTER<br><br>v.<br><br>Defendants: CITIZENS FINANCIAL GROUP, INC. and FREEDOM FOREVER COLORADO, LLC and SOLAR MOSAIC, LLC and AARON SCHNEIDER and JOHN DOE and VIVINT HOME SECURITY SYSTEMS | |
| *Attorney for Plaintiff Jeanette Fister:*<br>THE WELLS LAW FIRM LLC<br>Jeffrey A. Wells Esq., Reg. No. 34132<br>PO Box 1234<br>Fort Morgan, CO 80701<br>jeff@wellslawfirmllc.com<br>Phone: (970) 743-3040 | Case No.<br><br><br>Div.: |

**PLAINTIFF'S FIRST VERIFIED COMPLAINT AND JURY DEMAND**

Plaintiff Jeanette Fister, by and through her counsel, The Wells Law Firm LLC, states and alleges as follows for the Plaintiff's First Verified Complaint and Jury Demand in this action:

## PARTIES

1. Plaintiff, Jeanette Fister, ("Mrs. Fister") is an 83 year old widow and citizen of Colorado and the owner of the residential property located at 1329 Cody Avenue, Pueblo, CO 81001-2613, referred to as the "Home".

2. Defendant CITIZENS FINANCIAL GROUP, INC. ("Citizens") is a Rhode Island Corporation with its principal place of business located at One Financial Plaza, Providence, Rhode Island, Delaware.

3. Defendant FREEDOM FOREVER COLORADO, LLC ("Freedom") is a Colorado Limited Liability Company with its principal place of business located at 43445 Business Park Dr, Suite 104, Temecula, CA 92590.

4. Defendant SOLAR MOSAIC, LLC ("Mosaic") is a Colorado Limited Liability Company with its principal place of business located at 601 12th Street, Suite 325, Oakland, CA 94607.



Doc ID: 18146215728a4152b95201b0779b12092c398f72

5. Defendant Aaron Schneider ("Mr. Schneider") is a private citizen who worked for and is or was an agent for Vivint Home Security Systems, located in Provo, Utah, and was personally involved in or responsible for certain of the acts or omissions that gave rise to this action.

6. Defendant John Doe (Mr. Doe) is an unnamed, private citizen who worked for and is or was an agent for Vivint Home Security Systems, located in Provo, Utah, and was personally involved in or responsible for certain of the acts or omissions that gave rise to this action.

7. Where Mr. Schneider is alleged as having performed any specific act or omission, or where defendants Vivint and Freedom failed to supervise or train Mr. Schneider, the same shall also apply to Mr. Doe.

8. Defendant Vivint Home Security Systems ("Vivint") is a Utah based company with its principal place of business located at Vivint Home Security Systems, 4931 North 300 West, Provo, UT 84604.

9. All of the Defendants were involved in or responsible for certain of the acts or omissions that gave rise to this action.

## JURISDICTION AND VENUE

10. This Court has personal jurisdiction of all the Defendants as: (a) they are residents of the State of Colorado; (b) they did business in the State of Colorado at times material to this action; (c) they purposefully availed themselves of the rights and privileges of the State of Colorado at times material to this action; and/or (d) they committed the tortious or other wrongful acts and omissions described below, with resulting injury, damages, loss or other consequences in the State of Colorado.

11. Venue is proper in Pueblo County because: (a) the real property which is the subject of this action is in Pueblo County; (b) the fraudulent contracts which are the subject of this action were entered into and/or performed in Pueblo County; (c) the tortious or other wrongful conduct described below occurred in and had consequences and caused injury, damages or losses in Pueblo County.

12. Jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

13. On or about May 25, 2023, Mrs. Fister, an elderly widow who lives alone, was contacted by Mr. Schneider, and Mr. Doe, to install a home security system at her Home in Pueblo, Colorado.



Doc ID: 18146215728a4152b95201b0779b12092c398f72

14. Mr. Schneider engaged in fraudulent conduct when he took Mrs. Fister's phone and approved electronic contracts to purchase a security system and an electric solar-producing system, which she never authorized.

15. Mr. Doe engaged in fraudulent conduct when he took Mrs. Fister's phone and approved electronic contracts to purchase a security system and an electric solar-producing system, which she never authorized.

16. Mr. Schneider also utilized Mrs. Fister's phone to apply for and secure financing for the purchase of a security system and an electronic solar-producing system, which she never authorized.

17. Mr. Doe also utilized Mrs. Fister's phone to apply for and secure financing for the purchase of a security system and an electronic solar-producing system, which she never authorized.

18. Mrs. Fister was not aware that Mr. Schneider was approving contracts for solar panels, installation and financing on her phone.

19. While Mrs. Fister intended to buy the security system, she was unaware that Mr. Schneider had also signed her up to receive a new solar system for her Home.

20. As a result of the fraudulent and unauthorized actions by Mr. Schneider, Mrs. Fister found herself in a 25-year finance contract for a product she never intended to purchase.

21. This has caused significant financial insecurity and emotional distress to Mrs. Fister.

22. Mrs. Fister has lost sleep, become paranoid of anyone approaching her door, and has lost her general trust of people.

23. Mrs. Fister is on a fixed income and was not aware of the financial obligation she was undertaking that will likely outlive her.

24. Mrs. Fister cannot afford to make the payments on the solar panel system and has requested defendants to cancel the contract and remove the solar panels from her property.

25. Mrs. Fister has been concerned that the installation of the panels has damaged her roof and will result in leaks when it rains or snows.

26. Mrs. Fister refused to allow the system to be connected to her home as she feared it could impact her electric system and she denies ever authorizing the purchase and installation of the solar panel system.

27. Defendants continue to ignore Mrs. Fister's requests to remove the solar panel system and void all financing contracts.



Doc ID: 18146215728a4152b95201b0779b12092c398f72

28. Mrs. Fister only made one payment on the solar panel system and has been receiving delinquency notices and is concerned that a lien has been placed on her home.

29. Mrs. Fister ceased making payments when she became aware that the one payment she made was based on the fraudulently obtained financing for both systems.

30. Mrs. Fister's credit score has been negatively impacted as a result of the fraudulently procured financing.

31. The actions undertaken by defendants during the sale of the solar panel system to Mrs. Fister constitute fraud and misrepresentation under Colorado Law.

32. Given Mrs. Fister's advanced age, the defendant's action constitutes a violation of Colorado's elder abuse statutes.

33. The actions of Mr. Schneider as an agent of the defendants constitute a violation of Colorado's financial exploitation statutes by all defendants.

34. The defendants have continued to contact Mrs. Fister after she informed defendants she did not sign the contracts in an effort to obtain payment for their fraudulently procured contracts.

35. The unwanted and continued collection on an invalid debt is a violation of the Fair Debt Collection Act of Colorado.

## FIRST CLAIM FOR RELIEF
## (FRAUD)

36. Plaintiff hereby incorporates paragraphs 1 through 35 as though fully set forth herein.

37. Mrs. Fister only agreed to, and believed, that she was purchasing a security system from Mr. Schneider.

38. Mrs. Fister as an elderly woman, 81 years old at the time of the incident, relied on Mr. Schneider to assist her in completing the purchase of the security system.

39. Mr. Schneider then took control of Mrs. Fister's phone to approve the contract for the security system.

40. Without informing Mrs. Fister of the additional terms and purchases, Mr. Schneider approved additional contracts and used an unauthorized electronic signature to approve the purchase, financing and installation of solar panels at her home.

41. Mr. Scheider deliberately concealed the agreement to purchase, finance and install solar panels from Mrs. Fister.



Doc ID: 18146215728a4152b95201b0779b12092c398f72

42. Had Mrs. Fister been aware of the additional agreements, she would not have allowed Mr. Schneider to approve the purchase, financing and installation of the solar panels.

43. Mrs. Fister has refused to make further payments on the solar panels.

44. The solar panel system has been allowed to be connected to the grid.

45. Mrs. Fister did not approve the agreement because she was not in control of her phone.

46. Electronic signature on the phone was the mechanism for agreeing to the terms of the purchase, financing and installation of the solar panel system.

47. Mr. Schneider deceived Mrs. Fister into the purchase, financing and installation of the solar panels.

48. Mrs. Fister is on a fixed income and cannot afford the payments on the solar panel system.

## SECOND CLAIM FOR RELIEF
## (INTENTIONAL MISREPRESENTATION)

49. Plaintiff hereby incorporates paragraphs 1 through 48 as though fully set forth herein.

50. Mr. Schneider told Mrs. Fister that she was buying a home security system, but did not tell her she was purchasing, financing and installing a solar panel system.

51. Mr. Schneider knew that his failure to tell Mrs. Fister what she was purchasing was false at the time he made the statement.

52. Mr. Schneider knew that the representation was acting in reckless regard to the truth.

53. Mr. Schneiders statements were made with the intent to induce Mrs. Fister to act of refrain from acting.

54. Mr. Schneider intended Mrs. Fister to rely upon his statement that the agreement was solely for the purchase of a security system.

55. Mrs. Fister relied on Mr. Schneider’s representation that she was only purchasing a security system.

56. Mrs. Fister’s reliance upon Mr. Schneider’s false statements was justified because she told him that she was only in the market to get a security system.

57. As a result of Mr. Schneider’s false representation, Mrs. Fister has suffered damages.



Doc ID: 18146215728a4152b95201b0779b12092c398f72

## THIRD CLAIM FOR RELIEF
## (NEGLIGENT MISREPRESENTATION)

58. Plaintiff hereby incorporates paragraphs 1 through 57 as though fully set forth herein.

59. As an agent for Vivant Home Security Systems, Mr. Schneider informed Mrs. Fister of the security system to be purchased from Vivant Home Security Systems, and failed to disclose the additional sales of the solar panel system.

60. Mr. Scheider had a financial interest in the sale of additional products, specifically the installation of the solar panel system.

61. While in possession of Mrs. Fister's phone, Mr. Scheider only informed her of the security system purchase agreement and failed to inform her of the agreement and purchase of the solar panel system.

62. Mr. Scheider refused to inform Mrs. Fister of the solar panel system agreement, knowing that had she been aware, she would not have permitted Mr. Scheider to use her phone to authorize the agreement.

63. Mrs. Fister relied on the information she believed to be true about purchasing the security system, and has since suffered the damages mentioned above due to the installation of the solar panels.

64. On or about May 25, 2023, Mr. Schneider made representations to Mrs. Fister regarding the purchase of a security system.

65. Mr. Schneider, in the course of his business and agency for the defendants, supplied false information for the guidance of Mrs. Fister in a business transaction.

66. Mr. Schneider failed to exercise reasonable care or competence in obtaining or communicating the information for the agreement.

67. Mrs. Fister justifiably relied on the information provided by Mr. Schneider.

68. As a direct and proximate result of relying on Mr. Schneider's statements, Mrs. Fister suffered damages.

## FOURTH CLAIM FOR RELIEF
## (VIOLATION OF COLORADO FAIR DEBT COLLECTION ACT)

69. Plaintiff hereby incorporates paragraphs 1 through 68 as though fully set forth herein.

70. Mrs. Fister never agreed to purchase, financing and installation of the solar panel system.



Doc ID: 18146215728a4152b95201b0779b12092c398f72

71. The solar panels were still installed on the roof of her home.

72. Mrs. Fister was charged for the purchase, financing and installation of the solar panel system.

73. Mrs. Fister has refused to make any further payments on the solar panels.

74. The defendants have continued to contact and harass Mrs. Fister in the pursuit of collecting payment on the solar panels.

75. Mrs. Fister continues to suffer financial insecurity.

76. Mrs. Fister continues to experience negative impacts on her credit score as the defendants continue to pursue debt collection unlawfully.

77. Mrs. Fister is also unable to assess the damage to her roof from the installation of the solar panels.

78. Mrs. Fister has also lost sleep and become paranoid and untrustworthy of people whom she does not know that approach her home.

## FIFTH CLAIM FOR RELIEF
## (CIVIL CONSPIRACY)

79. Plaintiff hereby incorporates paragraphs 1 through 79 as though fully set forth herein.

80. All defendants participated in the fraudulent sale of the purchase, financing and installation of solar panels.

81. All defendants had a common plan or goal to induce consumers, including Mrs. Fister, into purchasing unwanted installation and financing of solar panels through fraud or misrepresentation.

82. Upon information and belief, there are contracts or agreements between the defendants to accomplish the sale, financings and installation of unwanted solar panel systems.

83. Mr. Schneider, and Mr. Doe, agents for the defendants, committed fraud or misrepresentation to further the common plan or goal of selling the purchase, financing, and installation of unwanted solar panels.

84. Upon information and belief, Mr. Schneider received compensation from all defendants.



Doc ID: 18146215728a4152b95201b0779b12092c398f72

85. Mrs. Fister has suffered actual harm as a direct and proximate result of the acts of the defendants' acts.

**SIXTH CLAIM FOR RELIEF**
**(VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT)**

86. Plaintiff hereby incorporates paragraphs 1 through 85 as though fully set forth herein.

87. Defendants violated the Colorado Consumer Protection Act when they fraudulently approved contracts for the purchase, installation and financing of solar panels on Mrs. Fister's Home.

88. The defendants engaged in, or caused, Mr. Schneider and Mr. Doe to engage in a deceptive trade practice.

89. The deceptive trade practice occurred in usual and normal course of the defendants' business.

90. The deceptive trade practice was marketing security systems by door-to-door sales and fraudulently including the purchase, finance and installation of solar panel systems.

91. Defendants violated C.R.S. § 6-1-105(1)(n), when they advertised goods or services with the intent not to sell them as advertised.

92. Defendants violated C.R.S. §6-1-105(1)(l), when defendants knowingly made false or misleading statements of goods or services, the manner in which the price is computed, or the existence of price reductions.

93. Defendants violated CCPA by failing to follow local regulations on door-to-door sales found in §9-7-32 and §9-7-33 of the Pueblo Municipal Code.

94. Upon information and belief, Mr. Schneider failed to provide his license to do door-to-door sales issued by the City of Pueblo.

95. Mrs. Fister is a citizen of the State of Colorado and is a consumer intended to be protected under the CCPA.

96. Mrs. Fister was damaged or injured as a result of defendants' deceptive trade practices.

**SEVENTH CLAIM FOR RELIEF**
**(VIOLATION OF THE TRUTH IN LENDING ACT)**

97. Plaintiff hereby incorporates paragraphs 1 through 96 as though fully set forth herein.



Doc ID: 18146215728a4152b95201b0779b12092c398f72

98. Defendants Citizen Financial Group, Inc. and Solar Mosaic LLC are creditors under the Truth In Lending Act.

99. The defendants Citizen Financial Group, Inc. and Solar Mosaic LLC regularly extend consumer credit.

100. Defendants Citizen Financial Group, Inc. and Solar Mosaic LLC are the institutions to whom the debt for the purchase, financing and installation of the solar panels is payable.

101. The transaction for the purchase, installation and financing of the solar panel was primarily for personal, family or household purposes.

102. The transaction with defendants, Citizen Financial Group, Inc. and Solar Mosaic, LLC, involved credit that is subject to a finance charge.

103. The transaction with defendants, Citizen Financial Group, Inc. and Solar Mosaic, LLC, is payable in more than four installments.

104. Defendants, Citizen Financial Group, Inc. and Solar Mosaic, LLC, failed to lawfully inform Mrs. Fister of the amount to be financed.

105. Defendants, Citizen Financial Group, Inc. and Solar Mosaic, LLC, failed to lawfully inform Mrs. Fister of the annual percentage rate (APR.)

106. Defendants, Citizen Financial Group, Inc. and Solar Mosaic, LLC, failed to lawfully inform Mrs. Fister of any finance charges.

107. Defendants, Citizen Financial Group, Inc. and Solar Mosaic, LLC, failed to lawfully inform Mrs. Fister of late fees.

108. Defendants, Citizen Financial Group, Inc. and Solar Mosaic, LLC, failed to lawfully inform Mrs. Fister of prepayment penalties.

109. Defendants, Citizen Financial Group, Inc. and Solar Mosaic, LLC, failed to lawfully inform Mrs. Fister of payment schedule.

110. Defendants, Citizen Financial Group, Inc. and Solar Mosaic, LLC, failed to lawfully inform Mrs. Fister of total amount to be paid.

111. Mrs. Fister was damaged or injured as a result of defendants' violation of the Truth in Lending Act.

**EIGTH CLAIM FOR RELIEF**
**(NEGLIGENCE PER SE)**

112. Plaintiff hereby incorporates paragraphs 1 through 111 as though fully set forth herein.



Doc ID: 18146215728a4152b95201b0779b12092c398f72

113. Mrs. Fister is an elderly woman at the age of 83 years old and is a member of a vulnerable group that is of particular concern under C.R.S. §18-6.5-101.

114. Mrs. Fister did not have the requisite technological knowledge or skills to approve the purchase of the security system through her phone.

115. Mrs. Fister entrusted Mr. Schneider to provide the necessary technological assistance.

116. Mrs. Fister trusted Mr. Schneider to explain the terms of the purchase to accurately and thoroughly prior to approving the purchase documents.

117. Mrs. Fister entrusted Mr. Schneider to approve only the documents to approve the sale of the security system.

118. Mrs. Fister did not entrust Mr. Schneider to additional purchasing, financing, and installation of solar panels.

119. Mr. Scheider exploited Mrs. Fister's vulnerability as an elderly woman and needing assistance with the electronic approval of the purchase.

120. Mr. Schneider abused Mrs. Fister's trust in approving the purchase, financing, and installation of a solar panel system.

121. Mrs. Fister was damaged or injured as a result of Mr. Schneider's exploitation of her membership in a vulnerable group under C.R.S. §18-6.5-101.

## NINTH CLAIM FOR RELIEF
## (<u>NEGLIGENT TRAINING</u>)

122. Plaintiff hereby incorporates paragraphs 1 through 121 as though fully set forth herein.

123. Citizens Financial Group, Inc., had a duty to train Mr. Schneider and Mr. Doe before and during his employment or agency for the company.

124. Upon information and belief Mrs. Fister asserts that Mr. Schneider was not trained in his job by Citizens Financial Group, Inc.

125. Upon information and belief Mrs. Fister asserts that Mr. Doe was not trained in his job by Citizens Financial Group, Inc.

126. Mr. Scheider was not trained to comply with the Truth in Lending requirements by Citizens Financial Group, Inc.



Doc ID: 18146215728a4152b95201b0779b12092c398f72

127. Mr. Schneider was not trained to comply with local laws related to door-to-door sales by Citizens Financial Group, Inc.

128. Mr. Schneider was not trained to comply with consumer protection laws by Citizens Financial Group, Inc.

129. Mr. Schneider was not trained to comply with laws related to working with at-risk adults by Citizens Financial Group, Inc.

130. Mr. Schneider was not competent in his job or in communication by Citizens Financial Group, Inc.

131. Citizens Financial Group, Inc.'s failure to train Mr. Schneider has caused Mrs. Fister damages and injury.

132. Freedom Forever Colorado, LLC, had a duty to train Mr. Schneider before and during his employment or agency for the company.

133. Upon information and belief Mrs. Fister asserts that Mr. Schneider was not trained in his job by Freedom Forever Colorado, LLC.

134. Upon information and belief Mrs. Fister asserts that Mr. Doe was not trained in his job by Freedom Forever Colorado, LLC.

135. Mr. Scheider was not trained to comply with the Truth in Lending requirements by Freedom Forever Colorado, LLC.

136. Mr. Schneider was not trained to comply with local laws related to door-to-door sales by Freedom Forever Colorado, LLC.

137. Mr. Schneider was not trained to comply with consumer protection laws by Freedom Forever Colorado, LLC.

138. Mr. Schneider was not trained to comply with laws related to working with at-risk adults by Freedom Forever Colorado, LLC.

139. Mr. Schneider was not competent in his job or in communication by Freedom Forever Colorado, LLC .

140. Freedom Forever Colorado, LLC.'s failure to train Mr. Schneider has caused Mrs. Fister damages and injury.

141. Solar Mosaic, LLC, had a duty to train Mr. Schneider before and during his employment or agency for the company.



Doc ID: 18146215728a4152b95201b0779b12092c398f72

142. Upon information and belief Mrs. Fister asserts that Mr. Schneider was not trained in his job by Solar Mosaic, LLC.

143. Mr. Scheider was not trained to comply with the Truth in Lending requirements by Solar Mosaic, LLC.

144. Mr. Schneider was not trained to comply with local laws related to door-to-door sales by Solar Mosaic, LLC.

145. Mr. Schneider was not trained to comply with consumer protection laws by Solar Mosaic, LLC.

146. Mr. Schneider was not trained to comply with laws related to working with at-risk adults by Solar Mosaic, LLC.

147. Mr. Schneider was not competent in his job or in communication by Solar Mosaic, LLC.

148. Solar Mosaic, LLC's failure to train Mr. Schneider has caused Mrs. Fister damages and injury.

149. Vivint Home Security Systems had a duty to train Mr. Schneider before and during his employment or agency for the company.

150. Vivint Home Security Systems, had a duty to train Mr. Schneider before and during his employment or agency for the company.

151. Upon information and belief Mrs. Fister asserts that Mr. Schneider was not trained in his job by Vivint Home Security Systems.

152. Mr. Scheider was not trained to comply with the Truth in Lending requirements by Vivint Home Security Systems.

153. Mr. Schneider was not trained to comply with local laws related to door-to-door sales by Vivint Home Security Systems.

154. Mr. Schneider was not trained to comply with consumer protection laws by Vivint Home Security Systems.

155. Mr. Schneider was not trained to comply with laws related to working with at-risk adults by Vivint Home Security Systems.

156. Mr. Schneider was not competent in his job or in communication by Vivint Home Security Systems.



Doc ID: 18146215728a4152b95201b0779b12092c398f72

157. Vivint Home Security Systems' failure to train Mr. Schneider has caused Mrs. Fister damages and injury.

**TENTH CLAIM FOR RELIEF**
**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

158. Plaintiff hereby incorporates paragraphs 1 through 157 as though fully set forth herein.

159. Defendants' owed Mrs. Fister a duty to be honest and to engage in fair dealings.

160. Defendants' breached that duty when they deceived Mrs. Fister into purchasing, financing and installing of solar panels for her Home.

161. The duty was heightened when dealing with a fragile, elderly widow.

162. Defendants' negligence created an unreasonable risk of physical harm to Mrs. Fister.

163. Defendants' negligence has caused isolation for Mrs. Fister.

164. Mrs. Fister is unable to sleep.

165. Mrs. Fister is fearful and paranoid of strangers.

166. Mrs. Fister is fearful and paranoid of the future and ability to remain in her home as a result of her financial situation.

167. Mrs. Fister has endured damage and injury as a result of the defendants' actions.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against the Defendants:

1. For Plaintiff's actual damages, costs of suit, fees of experts, including engineering and construction experts, attorney fees under the Contract, and interest as permitted by contract and law from the date of occurrence to the date of entry of judgment, as well as post-judgment interest until paid;

2. Reimbursement for the cost to remove the solar panel system from her property.

3. Repair all damages caused to the roof of her home and return it to its previous condition.

4. Mrs. Fister reserves the right to amend her complaint and plead exemplary damages as allowed under Colorado statute.

5. Reimbursement for any fees, costs, or penalties that arose directly from the fraudulent actions.

6. For forensic investigation and analysis costs, as needed.

7. Treble Damages and Attorney fees and costs as allowed under C.R.S. § 6-1-113.

8. Mrs. Fister seeks joint and several liability under C.R.S. § 13-21-111.5(4) under the parties.

**PLAINTIFF REQUESTS TRIAL TO A JURY ON ALL CLAIMS SO TRIABLE**

Dated: 04 / 24 / 2025

Verified By: Loreli Fister
Loreli Fister as Agent for Jeanette Fister

Respectfully submitted,

/s/ Jeffrey A. Wells
Jeffrey A. Wells, No. 34132



Doc ID: 18146215728a4152b95201b0779b12092c398f72

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | 01 Complaint.pdf |
| **File name** | 01%20Complaint.pdf |
| **Document ID** | 18146215728a4152b95201b0779b12092c398f72 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **04 / 14 / 2025**<br>20:24:20 UTC | Sent for signature to Loreli Fister (loreli.fister@hp.com)<br>from admin@wellslawfirmllc.com<br>IP: 192.174.31.53 |
| VIEWED | **04 / 25 / 2025**<br>03:46:56 UTC | Viewed by Loreli Fister (loreli.fister@hp.com)<br>IP: 45.95.73.169 |
| SIGNED | **04 / 25 / 2025**<br>03:49:57 UTC | Signed by Loreli Fister (loreli.fister@hp.com)<br>IP: 136.226.55.28 |
| COMPLETED | **04 / 25 / 2025**<br>03:49:57 UTC | The document has been completed. |

# Exhibit 3

<table>
<tr><td>DISTRICT COURT, PUEBLO COUNTY, COLORADO<br>Court Address:<br>501 N Elizabeth St<br>Pueblo, CO 81003</td><td rowspan="2">DATE FILED<br>April 29, 2025 3:35 PM<br>FILING ID: AEFCBE12AA6EF<br>CASE NUMBER: 2025CV30269</td></tr>
<tr><td>Plaintiff: JEANETTE FISTER<br><br>v.<br><br>Defendants: CITIZENS FINANCIAL GROUP, INC. and FREEDOM FOREVER COLORADO, LLC and SOLAR MOSAIC, LLC and AARON SCHNEIDER and JOHN DOE and VIVINT HOME SECURITY SYSTEMS</td></tr>
<tr><td>Attorney for Plaintiff Jeanette Fister:<br>THE WELLS LAW FIRM LLC<br>Jeffrey A. Wells Esq., Reg. No. 34132<br>PO Box 1234<br>Fort Morgan, CO 80701<br>jeff@wellslawfirmllc.com<br>Phone: (970) 743-3040</td><td>Case No.<br><br><br>Div.:</td></tr>
<tr><td colspan="2" align="center">SUMMONS</td></tr>
</table>

TO THE ABOVE-NAMED DEFENDANTS: CITIZENS FINANCIAL GROUP, INC. and FREEDOM FOREVER, LLC and MOSAIC and AARON SCHNEIDER and VIVINT HOME SECURITY SYSTEMS

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you. Your answer or counterclaim must be accompanied with the applicable filing fee.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, the Court may enter judgment by default against you for the relief demanded in the Complaint without further notice.

Dated: February 24, 2025

/s/ Jeffrey A. Wells
Jeffrey A. Wells, No. 34132

# Exhibit 4

| | |
|---|---|
| DISTRICT COURT, PUEBLO COUNTY, COLORADO<br>Court Address:<br>501 N Elizabeth St<br>Pueblo, CO 81003 | DATE FILED<br>April 29, 2025 3:35 PM<br>FILING ID: AEFCBE12AA6EF<br>CASE NUMBER: 2025CV30269 |
| Plaintiff: JEANETTE FISTER<br><br>v.<br><br>Defendants: CITIZENS FINANCIAL GROUP, INC. and FREEDOM FOREVER COLORADO, LLC and SOLAR MOSAIC, LLC and AARON SCHNEIDER and JOHN DOE and VIVINT HOME SECURITY SYSTEMS | |
| *Attorney for Plaintiff Jeanette Fister:*<br>THE WELLS LAW FIRM LLC<br>Jeffrey A. Wells Esq., Reg. No. 34132<br>PO Box 1234<br>Fort Morgan, CO 80701<br>jeff@wellslawfirmllc.com<br>Phone: (970) 743-3040 | Case No.<br><br>Div.: |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT** | |

1. This cover sheet shall be filed with the initial pleading of a complaint, counterclaim, cross-claim or third-party complaint in every district court civil (CV) case. It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. Simplified Procedure under C.R.C.P. 16.1 **applies** to this case **unless** (check one box below if this party asserts that C.R.C.P. 16.1 **does not** apply):

   [ ] This is a class action, forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding, **or**

   [ X ] This party is seeking a monetary judgment against another party for more than $100,000.00 including any penalties or punitive damages, by excluding attorney fees, interest and costs, as supported by the following certification:

By my signature below and in compliance with C.R.C.P. 11, based upon information reasonably available to me at this time, I certify that the value of this party's claims against one of the other parties is reasonably believed to exceed $100,000.00.

**OR**

[ ] Another party has previously filed a cover sheet stating that C.R.C.P. 16.1 does not apply to this case.

3. [ X ] This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Dated: February 24, 2025

Respectfully submitted,

/s/ Jeffrey A. Wells
Jeffrey A. Wells, No. 34132