**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **JEANETTE FISTER,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**CITIZENS FINANCIAL GROUP, INC., and FREEDOM FOREVER COLORADO, LLC and SOLAR MOSAIC, LLC and AARON SCHNEIDER and JOHN DOE and VIVINT HOME SECURITY SYSTEMS**<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 1:25-cv-2002** |

**DEFENDANT CITIZENS FINANCIAL GROUP, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST VERIFIED COMPLAINT**

Defendant Citizens Financial Group, Inc. ("Citizens Financial") files this Answer to Plaintiff Jeanette Fister's First Verified Complaint as follows:

**PARTIES**

1. Defendant admits that Plaintiff is a citizen of Colorado. Defendant lacks knowledge of the truth of the remaining allegations of this paragraph and therefore otherwise leaves Plaintiff to her burden of proof.

2. Admitted.

3. Defendant lacks knowledge of the truth of the allegations of this paragraph and therefore otherwise leaves Plaintiff to her burden of proof.

4. Defendant lacks knowledge of the truth of the allegations of this paragraph and therefore otherwise leaves Plaintiff to her burden of proof.

5. Defendant admits that Aaron Schneider worked for Vivint, Inc. and denies the remaining allegations of this paragraph.

6. Defendant lacks knowledge of the truth of the allegations of this paragraph and therefore otherwise leaves Plaintiff to her burden of proof.

7. The allegations of this paragraph state legal conclusions to which no response is required.

8. Admitted.

9. Denied.

## JURISDICTION AND VENUE

10. The allegations of this paragraph state legal conclusions to which no response is required.

11. The allegations of this paragraph state legal conclusions to which no response is required.

12. The allegations of this paragraph state legal conclusions to which no response is required.

## GENERAL ALLEGATIONS

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Defendant lacks knowledge of the truth of the allegations of this paragraph and therefore otherwise leaves Plaintiff to her burden of proof.

25. Denied.

26. Denied.

27. Denied.

28. Defendant lacks knowledge of the truth of the allegations of this paragraph and therefore otherwise leaves Plaintiff to her burden of proof.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## **FIRST CLAIM FOR RELIEF**
## **(FRAUD)**

36. Defendant incorporates the responses to the above paragraphs by reference as if fully set forth herein.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Admitted.

44. Denied.

45. Denied.

46. Admitted.

47. Denied.

48. Defendant lacks knowledge of the truth of the allegations of this paragraph and therefore otherwise leaves Plaintiff to her burden of proof.

**SECOND CLAIM FOR RELIEF**
**(INTENTIONAL MISREPRESENTATION)**

49. Defendant incorporates the responses to the above paragraphs by reference as if fully set forth herein.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

**THIRD CLAIM FOR RELIEF**
**(NEGLIGENT MISREPRESENTATION)**

58. Defendant incorporates the responses to the above paragraphs by reference as if fully set forth herein.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

**FOURTH CLAIM FOR RELIEF**
**(VIOLATION OF COLORADO FAIR DEBT COLLECTION ACT)**

69. Defendant incorporates the responses to the above paragraphs by reference as if fully set forth herein.

70. Denied.

71. Admitted.

72. Admitted.

73. Admitted.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

**FIFTH CLAIM FOR RELIEF**
**(CIVIL CONSPIRACY)**

79. Defendant incorporates the responses to the above paragraphs by reference as if fully set forth herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

**SIXTH CLAIM FOR RELIEF**
**(VIOLATION OF THE COLORADO CONSUMER PROTECTION ACT)**

86. Defendant incorporates the responses to the above paragraphs by reference as if fully set forth herein.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Defendant admits Plaintiff is a citizen of Colorado. The remaining allegations of this paragraph state legal conclusions to which no response is required.

96. Denied.

**SEVENTH CLAIM FOR RELIEF**
**(VIOLATION OF THE TRUTH IN LENDING ACT)**

97. Defendant incorporates the responses to the above paragraphs by reference as if fully set forth herein.

98. The allegations of this paragraph state legal conclusions to which no response is required.

99. The allegations of this paragraph state legal conclusions to which no response is required.

100. Denied.

101. The allegations of this paragraph state legal conclusions to which no response is required.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

**EIGTH [sic] CLAIM FOR RELIEF**
**(NEGLIGENCE PER SE)**

112. Defendant incorporates the responses to the above paragraphs by reference as if fully set forth herein.

113. The allegations of this paragraph state legal conclusions to which no response is required.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

**NINTH CLAIM FOR RELIEF**
**(NEGLIGENT TRAINING)**

122. Defendant incorporates the responses to the above paragraphs by reference as if fully set forth herein.

123. Denied.

124. Denied.

125. Defendant lacks knowledge of the truth of the allegations of this paragraph and therefore otherwise leaves Plaintiff to her burden of proof.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Defendant lacks knowledge of the truth of the allegations of this paragraph and therefore otherwise leaves Plaintiff to her burden of proof.

135. Denied.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. The allegations of this paragraph state legal conclusions to which no response is required.

150. This paragraph is duplicative of paragraph 149, and Defendant refers Plaintiff to Defendant's response to paragraph 149.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

**TENTH CLAIM FOR RELIEF**
**(NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)**

158. Defendant incorporates the responses to the above paragraphs by reference as if fully set forth herein.

159. The allegations of this paragraph state legal conclusions to which no response is required.

160. Denied.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

167. Denied.

## PRAYER FOR RELIEF

WHEREFORE, Defendant denies all statements and allegations contained in Plaintiff's Complaint that have not otherwise been responded to above and denies that Plaintiff is entitled to the relief sought in her prayer for relief, including subparts 1, 2, 3, 4, 5, 6, 7 and 8.

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, in whole or in part, because they are subject to mandatory arbitration.

2. Plaintiff's claims are barred, in whole or in part, by failure to state a claim upon which relief may be granted.

3. Plaintiff's claims are barred, in whole or in part, by lack of damages.

4. Plaintiff's claims are barred, in whole or in part, because Plaintiff's own acts or omissions proximately caused or contributed to her injury, if any.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged damages, if any, were the proximate result of an independent, intervening, or superseding causal force.

6. Defendant reserves the right to assert any additional affirmative defenses as litigation proceeds.

## CONCLUSION

WHEREFORE, Defendant requests that upon final hearing or motions for judgment on the record on this matter, Plaintiff take nothing, that judgment be entered against Plaintiff, and that the Court grant such other and further relief to which Defendant may be justly entitled, including attorneys' fees and costs.

Dated: July 7, 2025

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: /s/ Michael D. Matthews, Jr.
***Thomas F. Hetherington***
Colorado State Bar No. 50976
***Michael D. Matthews, Jr.***
***Ryan Goodland***
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
Email: tom.hetherington@mhllp.com
Email: matt.matthews@mhllp.com
Email: ryan.goodland@mhllp.com
***Attorneys for Citizens Financial Group, Inc.***

**D.C.COLO.LATTYR 5(A)(3)(C) CERTIFICATION**

I hereby certify that I am a member in good standing of the bar of this court.

*/s/ Michael D. Matthews, Jr.*
Michael D. Matthews, Jr.

*/s/ Ryan Goodland*
Ryan Goodland

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2025, a true and correct copy of the foregoing was duly served via email and by certified mail, return receipt requested, to the following parties:

THE WELLS LAW FIRM LLC
Jeffrey A. Wells Esq., Reg. No. 34132
PO Box 1234
Fort Morgan, CO 80701
jeff@wellslawfirmllc.com
*Attorney for Plaintiff*

FOLEY & LARDNER LLP
Jordan C. Bledsoe
95 S State Street Suite 2500
Salt Lake City, UT 84111
jordan.bledsoe@foley.com
*Attorney for Freedom Forever Colorado, LLC*

SHEPPARD MULLIN
Robert Guite
Four Embarcadero Center
Seventeenth Floor
San Francisco, CA 94111
rguite@sheppardmullin.com
*Attorney for Solar Mosaic, LLC*

*/s/ Ryan Goodland*
Ryan Goodland