**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| **JEANETTE FISTER,**<br><br>*Plaintiff,*<br><br>**v.**<br><br>**CITIZENS FINANCIAL GROUP, INC., et al.**<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CASE NO. 1:25-cv-2002** |

**Vivint, Aaron Schneider, and Citizens Financial's**
**Motion to Compel Arbitration or, in the Alternative, to Stay Pending Arbitration**

In this case about a home security system and residential solar panels, Plaintiff's claims arise under and relate to a System Purchase and Services Agreement (the "Agreement"). *See* Exhibit A. Plaintiff's Complaint concedes she entered into this Agreement, which contains a clear, conspicuous, and mandatory arbitration provision:

> …AS THE SOLE AND EXCLUSIVE REMEDY FOR ANY CONTROVERSY, DISPUTE, OR CLAIM OF ANY KIND OR NATURE BETWEEN THE PARTIES AND THEIR RESPECTIVE AFFILIATES, DIRECTLY OR INDIRECTLY ARISING OUT OF, RELATING TO, OR IN CONNECTION WITH THIS AGREEMENT REGARDLESS OF WHAT LEGAL THEORY (INCLUDING WITHOUT LIMITATION, NEGLIGENCE, FRAUD, BREACH OF CONTRACT, BREACH OF WARRANTY OR PRODUCT LIABILITY, OR ANY OTHER THEORY OF LIABILITY) IS USED TO ALLEGE OR DETERMINE LIABILITY FOR THE INJURY OR LOSS.

(the "Arbitration Provision"). Ex. A ¶ 19. Plaintiff thus agreed—and the Agreement requires—arbitration of "any controversy, dispute, or claim[,]" including this lawsuit. *Id.* Moreover, Plaintiff agreed that "[t]he arbitrator shall decide issues of arbitrability of claims and shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement." *Id.* Because Plaintiff admits the Agreement

exists—and Plaintiff concedes she entered into it—any disputes as to whether her claims are arbitrable must be decided by the arbitrator, and Plaintiff must arbitrate her claims.

## I. Factual Background

### A. Plaintiff signs an Agreement with an arbitration clause covering "any controversy, dispute, or claim of any kind or nature . . . ."

On May 26, 2023, Plaintiff signed an Agreement to purchase a home security system from Vivint. *See* ECF No. 4 ¶ 19; *see also* Ex. A. Plaintiff concedes that she intended to enter (and did enter) into the Agreement to purchase this home security system. ECF No. 4 ¶ 19 ("Mrs. Fister intended to buy the security system"); *id.* ¶ 37 ("Mrs. Fister only agreed to, and believed, that she was purchasing a security system from Mr. Schneider."); *id.* ¶ 56 (Mrs. Fister was "in the market to get a security system"); *id.* ¶ 61 (Mr. Schneider "informed her of the security system purchase agreement"); *id.* ¶ 117 ("Mrs. Fister entrusted Mr. Schneider to approve only the documents to approve the sale of the security system."). The Agreement contains a broad, mandatory Arbitration Provision, stating in capital letters:

> EACH PARTY AGREES TO BINDING ARBITRATION AS THE SOLE AND EXCLUSIVE REMEDY FOR ANY CONTROVERSY, DISPUTE, OR CLAIM OF ANY KIND OR NATURE BETWEEN THE PARTIES AND THEIR RESPECTIVE AFFILIATES, DIRECTLY OR INDIRECTLY ARISING OUT OF, RELATING TO, OR IN CONNECTION WITH THIS AGREEMENT REGARDLESS OF WHAT LEGAL THEORY (INCLUDING WITHOUT LIMITATION, NEGLIGENCE, FRAUD, BREACH OF CONTRACT, BREACH OF WARRANTY OR PRODUCT LIABILITY, OR ANY OTHER THEORY OF LIABILITY) IS USED TO ALLEGE OR DETERMINE LIABILITY FOR THE INJURY OR LOSS.

Ex. A ¶ 19.

The Arbitration Provision further states that JAMS rules will apply and that the arbitrator will decide all arbitrability issues:

> The Federal Arbitration Act shall apply to this Agreement. The arbitration shall be administered by JAMS in accordance with the JAMS Consumer Arbitration

> Minimum Standards, which may be found on the Internet at https://www.jamsadr.com/consumer-minimum-standards/. The arbitration shall be held in the location where you live, in Utah, or any other location agreed upon by the parties. **The arbitrator shall decide issues of arbitrability of claims and shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement**.

*Id.* (emphasis added).

The relevant JAMS rules similarly state that the arbitrator shall decide questions of arbitrability, including "who are proper Parties to the Arbitration":

> Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and *who are proper Parties to the Arbitration*, shall be submitted to and ruled on by the Arbitrator. The Arbitrator has the authority to determine jurisdiction and arbitrability issues as a preliminary matter.

Ex. C at 7 (emphasis added).

The Agreement's terms apply not just to Plaintiff and to Vivint, but to other parties like Aaron Schneider and Citizens Financial providing services related to the Agreement. Ex. A ¶ 14 ("We may use other parties to provide installation, repair or other services, and this Agreement, particularly Sections 17 and 18, shall apply to them and the work or services they provide, and protect them in the same manner as it applies to and protects us.").

**B. Plaintiff completes a validation call with Vivint, in which she confirms she has had a chance to review the Agreement and that she understands Citizens is providing financing for her home security system.**

Vivint also validated Plaintiff's Agreement in a recorded telephone call just after she signed. A purpose of the validation call is to specifically ask the customer if she has had a chance to read and sign the Agreement. Criddle Decl. ¶ 8. And in Plaintiff's validation call, she agreed that she had a chance to read and sign the Agreement:

| | |
|---|---|
| [Customer Service Rep.] | Got it. Have you had a chance to review and sign your purchase and services agreement, and is the length of your agreement sixty months? |

| | |
|---|---|
| Jeanette Fister | Yes. |

Ex. B at 8:5-8. Plaintiff also acknowledged in the validation call that she understood and agreed that Citizens Financial was providing financing for her home security system:

| | |
|---|---|
| [Customer Service Rep.] | And congratulations, you've qualified for that line of credit with Citizens Pay. Citizens will contact you following the activation, and the APR is 0%. Is this correct? |
| Jeanette Fister | Yes. |
| [Customer Service Rep.] | Got it. And your monthly services fee payable to Vivint plus applicable taxes is $44.46. Your equipment line of credit payment to Citizens is $66.67 and the total monthly payment is $111.13. Are these amounts correct? |
| Jeanette Fister | Yes. |

Ex. B at 7:19-8:4.

**C. Plaintiff files her First Verified Complaint, and the Defendants answer, invoking their right to arbitration.**

On April 29, 2025, Plaintiff filed her First Verified Complaint. ECF No. 4. Plaintiff alleges that she was contacted at her home by Aaron Schneider and an anonymous "John Doe" regarding the installation of a home security system. *Id.* ¶ 13. And Plaintiff admits that she intended to enter into the Agreement to purchase a home security system. *Id.* ¶¶ 19-20. Plaintiff also admits she financed the purchase of her home security system. *Id.* ¶¶ 16-17. As confirmed in her validation call, Citizens Financial provided that financing for the home security system Plaintiff purchased through the Agreement. Ex. B at 7:19-8:4; Criddle Decl. ¶ 7.

However, Plaintiff alleges she did not intend to purchase a home solar panel system. ECF No. 4 ¶¶ 16-17. She alleges that Aaron Schneider took her phone and used it to approve an electronic contract to purchase a solar panel system (without informing Plaintiff) at the same time she accepted the Agreement to purchase the home security system. *Id.* ¶¶ 14-15, 40.

Plaintiff brings claims based in fraud, negligence, misrepresentation, violation of state and federal consumer protection statutes, and civil conspiracy, seeking to hold defendants jointly and severally liable. *Id.* at 4-14. Plaintiff repeatedly alleges Aaron Schneider was an "agent" of Vivint. *Id.* ¶¶ 5, 33, 59, 83. She further alleges that Citizens Financial had a duty to train Aaron Schneider but failed to do so. *Id.* ¶¶ 123-131.

From the outset, Vivint, Aaron Schneider, and Citizens Financial have made clear that this dispute is subject to arbitration, stating as much in their Answers. *See* ECF No. 10 at 11; ECF No. 11 at 11; ECF No. 13 at 11 (stating that Plaintiff's claims are subject to mandatory arbitration). And Vivint, Aaron Schneider, and Citizens Financial have not done anything inconsistent with that reservation of rights. They have not served any discovery requests, requested any depositions, filed any motion requesting substantive relief from the Court, or otherwise availed themselves of the judicial process. As such, Vivint, Aaron Schneider, and Citizens Financial are now timely exercising their contractual right to arbitrate. The Court should grant this motion and stay proceedings pending the outcome of arbitration.

## II. Arguments and Authorities

### A. Plaintiff's claims are subject to arbitration under the strong presumption in favor of arbitration under Colorado and federal law.

Colorado and federal courts[1] strongly favor arbitrating disputes and hold that courts "must compel arbitration unless [they] can say 'with positive assurance' that the arbitration

---

[1] The Agreement states that the Federal Arbitration Act governs the Arbitration Provision. Ex. A ¶ 19. Vivint includes both federal and Colorado state law in its present motion because "the two statutory schemes 'contain substantially similar language.'" *Digital Landscape Inc. v. Media Kings LLC*, 2018 COA 142, ¶ 27, 440 P.3d 1200, 1206 (citation omitted) (observing that "[f]ederal cases interpreting or applying the Federal Arbitration Act help us to understand our Colorado arbitration statutes").

clause is not susceptible of any interpretation that encompasses the subject matter of the dispute." *Stein v. Burt-Kuni One, LLC*, 396 F. Supp. 2d 1211, 1214 (D. Colo. 2005) (quoting *Allen v. Pacheco*, 71 P.3d 375, 378 (Colo. 2003)). Further, "[i]f ambiguities are found in the arbitration agreement, we must afford the parties a presumption in favor of arbitration and resolve doubts about the scope of the arbitration clause in favor of arbitration." *Id.* (quoting *Allen*, 71 P.3d at 378). Because of the policy favoring arbitration, broad arbitration clauses that purport to cover all disputes between the parties—like the Arbitration Provision here—are construed in favor of arbitrability. *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986). So, the presumption in favor of arbitration controls in this case.

Under both Colorado and federal law, courts use a two-part analysis when determining whether to compel arbitration. They consider: (1) whether a valid, enforceable arbitration agreement exists; and (2) whether the claims asserted fall within the scope of that agreement. *Johnson-Linzy v. Conifer Care Communities A, LLC*, 2020 COA 88, ¶ 22, 469 P.3d 537, 542 (citing *City & Cnty. of Denver v. Dist. Ct. In & For City & Cnty. of Denver*, 939 P.2d 1353, 1363 (Colo. 1997)); *Naizgi v. HSS, Inc.*, 685 F. Supp. 3d 1015, 1019–20 (D. Colo. 2023) (citing *Cavlovic v. J.C. Penney Corp., Inc.*, 884 F.3d 1051, 1057 (10th Cir. 2018)).

These two elements are easily satisfied here. Plaintiff admits she intended to (and did) enter into the Agreement for a home security system. And the claims at issue in this lawsuit fall squarely within the Agreement's binding Arbitration Provision, So, this Court should compel arbitration.

**1. The Agreement's Arbitration Provision exists and is valid and enforceable.**

Again, the Agreement contains a broad, mandatory Arbitration Provision stating:

> EACH PARTY AGREES TO BINDING ARBITRATION AS THE SOLE AND EXCLUSIVE REMEDY FOR ANY CONTROVERSY, DISPUTE, OR CLAIM

> OF ANY KIND OR NATURE BETWEEN THE PARTIES AND THEIR RESPECTIVE AFFILIATES, DIRECTLY OR INDIRECTLY ARISING OUT OF, RELATING TO, OR IN CONNECTION WITH THIS AGREEMENT REGARDLESS OF WHAT LEGAL THEORY (INCLUDING WITHOUT LIMITATION, NEGLIGENCE, FRAUD, BREACH OF CONTRACT, BREACH OF WARRANTY OR PRODUCT LIABILITY, OR ANY OTHER THEORY OF LIABILITY) IS USED TO ALLEGE OR DETERMINE LIABILITY FOR THE INJURY OR LOSS.

Ex. A ¶ 19.

Plaintiff concedes she intended to enter, and in fact did enter into, the Agreement. ECF No. 4 ¶¶ 19, 37, 56, 61, 117. There can be no dispute the Arbitration Provision exists and is valid and enforceable.

**2. Plaintiff's claims fall within the scope of the Arbitration Provision.**

In this case, the parties unequivocally agreed to arbitrate "*any* controversy, dispute, or claim of any kind or nature between the parties and their respective affiliates, directly or indirectly arising out of, relating to, or in connection with this agreement regardless of what legal theory (including without limitation, negligence, fraud, breach of contract, breach of warranty or product liability, or any other theory of liability) is used to allege or determine liability for the injury or loss." Ex. A ¶ 19 (emphasis added). Plaintiff asserts claims based on alleged negligence, fraud, misrepresentation, violations of state and federal lending and consumer protection statutes, and civil conspiracy. ECF No. 4 at 4-13. These claims all relate to the Agreement. Accordingly, they all fall within the scope of the Arbitration Provision.

The United States Supreme Court, the Tenth Circuit, and the Colorado Supreme Court have uniformly characterized similar arbitration clauses as broad and capable of expansive reach. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.* 388 U.S. 395, 398 (1967) (labeling as "broad" a clause requiring arbitration of "[a]ny controversy or claim arising out of or relating to this Agreement"); *Brown v. Coleman Co.,* 220 F.3d 1180, 1184 (10th Cir. 2000) (explaining that

arbitration clause covering "all disputes or controversies arising under or in connection with this Agreement" was "the very definition of a broad arbitration clause"); *Smith v. Multi–Fin. Sec. Corp.,* 171 P.3d 1267, 1270 (Colo. App. 2007) ("When an arbitration clause uses the phrase 'arising out of' . . . , it is broad in scope."). As such, "all claims with a significant relationship to the Agreement, regardless of the label attached to them, arise out of and are related to the Agreement." *P & P Indus., Inc. v. Sutter Corp.*, 179 F.3d 861, 871 (10th Cir. 1999) (collecting authority) (cleaned up).

Plaintiff's claims concern a home security agreement she admittedly purchased through the Agreement and a solar panel agreement she alleges Defendants enrolled her in at the same time. These claims against Vivint, Aaron Schneider, and Citizens Financial unquestionably qualify as a "controversy, dispute, or claim of any kind or nature between the parties and their respective affiliates, directly or indirectly arising out of, relating to, or in connection with this agreement." These claims fall within the Arbitration Provision, and Plaintiff must arbitrate them.

**B. Any disputes about arbitrability must be decided by the arbitrator, since the parties contractually delegated that authority to the arbitrator.**

"The question of who has the power to decide arbitrability depends upon what the parties have decided." *Naizgi*, 685 F. Supp. 3d at 1020 (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938 (1995)). "The Supreme Court has held that when parties agree that an arbitrator should decide arbitrability, they delegate to an arbitrator *all* threshold questions concerning arbitrability." *Id.* (quoting *Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1280 (10th Cir. 2017) (citing *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010)) (cleaned up) (emphasis added). "Arbitrability disputes include questions such as whether the parties are bound by a given arbitration clause." *Id.* (quoting *BG Grp. PLC v. Republic of Arg.,* 572 U.S. 25, 34 (2014)) (cleaned up). In addition, "whether a particular arbitration provision may be used to compel

arbitration between a signatory and a nonsignatory is a threshold question of arbitrability." *O'Connor v. BMW of N. Am., LLC*, No. 18-CV-03190-CMA-STV, 2020 WL 5260416, at *3 (D. Colo. July 23, 2020) (quoting *Eckert/Wordell Architects, Inc. v. FJM Props. of Willmar, Ltd. Liab. Co.*, 756 F.3d 1098, 1100 (8th Cir. 2014)).

As discussed below, the Arbitration Provision here does cover nonsignatories Aaron Schneider and Citizens Financial. But regardless, when the parties' agreement delegates questions of arbitrability to the arbitrator, and the question is raised as to whether a third party is covered by an arbitration clause, "that question should be resolved by an arbitrator because whether a third-party falls within the scope of a valid arbitration agreement is fundamentally a question of arbitrability." *Id.* (citing *Eckert/Wordell Architects, Inc.*, 756 F.3d 1098 at 1100) ("[The parties'] agreements clearly delegate questions of arbitrability to the arbitrator. Therefore, the Court abstains from resolving the issue of whether BMW NA is a third-party beneficiary that is covered by the scope of the agreements."); *Casa Arena Blanca LLC v. Rainwater by Estate of Green,* No. 21-2037, 2022 WL 839800, at *5 (10th Cir. Mar. 22, 2022) ("[b]ased on the delegation provisions in the Arbitration Agreement between the [plaintiff] and Ms. Burris, the question of whether the Agreement should be enforced against Ms. Rainwater as a third-party beneficiary of that contract is one that should be decided by an arbitrator, not the court.").

Here, the Agreement expressly states, "The arbitrator shall decide issues of arbitrability of claims and shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability or formation of this Agreement." Ex. A ¶ 19. The Agreement also incorporates the JAMS rules, which state: "Jurisdictional and arbitrability disputes, including disputes over the formation, existence, validity, interpretation or scope of the agreement under which Arbitration is sought, and who are proper Parties to the Arbitration, shall be submitted to

and ruled on by the Arbitrator." Ex. C at 7. Accordingly, any disputes about "whether the Agreement should be enforced against [a defendant] . . . is one that should be decided by an arbitrator, not the court." *Casa Arena Blanca LLC*, 2022 WL 839800, at *5 (holding district court was required "to compel arbitration of the gateway issue of arbitrability."). As such, this Court should compel arbitration of all Plaintiff's claims against Vivint, Aaron Schneider, and Citizens Financial.

### C. Even if the Court decides the question of arbitrability, Plaintiff's claims are arbitrable.

As noted above, the Tenth Circuit has held that "the gateway issue of arbitrability must be submitted to the arbitrator consistent with the delegation provisions in the Arbitration Agreement." *Id.* at *5. But if the Court were to reach the question of arbitrability (which it should not), all Plaintiff's claims are still subject to arbitration.

#### 1. The Arbitration Provision covers claims against Vivint.

As noted above, Plaintiff concedes she signed the agreement with Vivint, which contains an arbitration clause requiring her to arbitrate "*any* controversy, dispute, or claim of any kind or nature between the parties and their respective affiliates, directly or indirectly arising out of, relating to, or in connection with this agreement regardless of what legal theory (including without limitation, negligence, fraud, breach of contract, breach of warranty or product liability, or any other theory of liability) is used to allege or determine liability for the injury or loss." Ex. A ¶ 19 (emphasis added). Plaintiff asserts claims against Vivint based on alleged negligence, fraud, and "other theor[ies] of liability," including misrepresentation and violations of state and federal lending and consumer protection statutes. ECF No. 4 at 4-13. There is no question that Plaintiff must arbitrate her claims against Vivint.

**2. The Arbitration Provision covers claims against Aaron Schneider and Citizens Financial, because it expressly covers all individual and entities who "provide . . . other services" related to the Agreement.**

When construing an arbitration clause, a court "must afford the parties a presumption in favor of arbitration and resolve doubts about the scope of the arbitration clause in favor of arbitration." *Stein*, 396 F. Supp. 2d at 1214 (quoting *Allen*, 71 P.3d at 378). On its face, the Agreement states that "[Vivint] may use other parties to *provide* . . . *other services*, and this Agreement, particularly Sections 17 and 18, shall apply to them and the work or services they provide, and protect them in the same manner as it applies to and protects [Vivint]." Ex. ¶ 14 (emphasis added). The word "service" means "the performance of some useful act or series of acts for the benefit of another . . . ." SERVICE, Black's Law Dictionary (12th ed. 2024). Plaintiff's Complaint alleges that Plaintiff "entrusted Mr. Schneider to provide the necessary technological assistance" as a salesperson. ECF No. 4 ¶ 115. Plaintiff further alleges she financed the purchase of her home security system, *id.* ¶¶ 16-17, expressly acknowledging in a recorded validation call that Citizens Financial was providing the financing. Ex. B at 7:19-8:4; *see also* Criddle Decl. ¶ 7.

On its face, the Agreement states that it applies to "protect [service providers under the Agreement] in the same manner as it applies to and protects [Vivint]." Ex. A ¶ 14. Plaintiff agreed that the Agreement (including its arbitration clause) applies to anyone providing services under the Agreement, including Aaron Schneider (who provided sales services) and Citizens Financial (which provided financing services, a fact that Plaintiff herself acknowledged in the validation call). Therefore, Plaintiff must arbitrate her claims against Aaron Schneider and Citizens Financial.

#### 3. Plaintiff's claims against Aaron Schneider are also subject to arbitration because Plaintiff alleges Schneider was an agent of Vivint.

The Tenth Circuit has held that "[b]ecause a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements." *Hicks v. Cadle Co.*, 355 F. App'x 186, 193 (10th Cir. 2009) (collecting authority). Indeed, "[f]ederal courts have consistently afforded agents, employees and representatives the benefit of arbitration agreement entered into by their principals to the extent that the alleged misconduct relates to their behavior . . . in their capacities as agents of the corporation." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (quoting *Creative Telecommunications, Inc. v. Breeden,* 120 F. Supp. 2d 1225, 1240 (D. Hawai'i 1999)). "To determine whether an agency relationship exists, courts look to the terms of the agreement and the allegations of the complaint." *Id.* (quoting *Mutual Benefit Life Insurance Co. v. Zimmerman,* 783 F. Supp. 853, 865 (D. N.J.1992)).

Both Plaintiff's allegations and the language of the Agreement demonstrate that Plaintiff must arbitrate her claims against Aaron Schneider. Plaintiff repeatedly alleges Aaron Schneider was an "agent" of Vivint. ECF No. 4 ¶¶ 5, 33, 59, 83. And the Agreement's terms apply not just to Plaintiff and to Vivint, but to other parties providing services related to the Agreement. Ex. A ¶ 14 ("We may use other parties to provide installation, repair or other services, and this Agreement, particularly Sections 17 and 18, shall apply to them and the work or services they provide, and protect them in the same manner as it applies to and protects us."). Finally, there can be no dispute that Plaintiff's claims against Aaron Schneider are based on the same factual allegations as her allegations against Vivint. Accordingly, Plaintiff must arbitrate her claims against Aaron Schneider.

**D. In the alternative, Plaintiff's claims against Aaron Schneider and/or Citizens Financial must be stayed pending arbitration of Plaintiff's claims against Vivint, given the risk of inconsistent rulings were Plaintiff to proceed in parallel proceedings in both arbitration and litigation.**

Where some of a plaintiff's claims are arbitrable and others are nonarbitrable, the Tenth Circuit and this Court have held that "a stay of the entire proceeding is appropriate when resolution of the arbitrable claim will have a preclusive effect on the nonarbitrable claim" or to "avoid the risk of inconsistent and/or piecemeal rulings." *Stanek Holdco, Inc. v. Water Res. Grp., Inc.*, No. 19-CV-3194-WJM-SKC, 2020 WL 4753895, at *7 (D. Colo. Aug. 17, 2020) (quoting *Chelsea Family Pharmacy, PLLC v. Medco Health Sols., Inc.*, 567 F.3d 1191, 1200 (10th Cir. 2009)) (cleaned up). "For example, if the arbitrator found against a Plaintiff in favor of an [arbitrating] Defendant, an argument may be made by the nonsignatory Defendants that claim or issue preclusion applies." *Santich v. VCG Holding Corp*, No. 17-CV-00631-RM-MEH, 2020 WL 1529182, at *4 (D. Colo. Mar. 30, 2020) (collecting authority) (staying litigation against defendants who were not signatories to arbitration agreement where "the [plaintiff]'s claims against the signatory Defendants are the same as those against the nonsignatory Defendants").

A stay may also be appropriate where "without a stay, witnesses . . . could be forced to testify during the arbitration proceedings *and* during discovery in this case." *Adams v. Modernad Media, LLC*, No. 12-CV-00513-PAB-MEH, 2013 WL 674024, at *7 (D. Colo. Feb. 25, 2013) (emphasis in original). Further, where a plaintiff brings a claim alleging conspiracy among arbitrating and non-arbitrating defendants, a stay is appropriate because "a decision regarding . . . one alleged co-conspirator will necessarily implicate the merits of claims relating to . . . another alleged co-conspirator." *In re Auto. Parts Antitrust Litig.*, No. 12-MD-02311, 2017 WL 3579753, at *9 (E.D. Mich. Apr. 18, 2017), *vacated in part on other grounds,* No. 12-MD-02311, 2019 WL 13400622 (E.D. Mich. Apr. 24, 2019).

For the reasons stated above, this Court should compel arbitration of Plaintiff's claims, but at an absolute minimum, any litigation in this Court against Aaron Schneider and Citizens Financial must be stayed. Plaintiff alleges that all defendants participated in a conspiracy and are jointly and severally liable for each other's alleged wrongdoing. ECF No. 4 at 7, 14. Like the above-cited cases, if the arbitrator finds that Vivint is not liable, non-arbitrating defendants like Aaron Schneider or Citizens Financial may argue that claim preclusion applies. Indeed, a ruling on the conspiracy claim in the arbitration would "necessarily implicate the merits of the claims" before this Court. *In re Auto. Parts Antitrust Litig.*, 2017 WL 3579753, at *9. And because Aaron Schneider is at the heart of Plaintiff's allegations, allowing for parallel proceedings runs the risk that a witness like Aaron Schneider could be forced to testify in the arbitration and in discovery here. *Adams*, 2013 WL 674024, at *7. As such, if this Court does not compel arbitration of Plaintiff's claims against Aaron Schneider and Citizens Financial, it should stay Plaintiff's claims against them before this Court until the arbitration is concluded.

## III. Conclusion

For these reasons, Vivint, Aaron Schneider, and Citizens Financial respectfully request that the Court enter an Order compelling arbitration and staying and abating these proceedings pending the outcome of the arbitration. If the Court does not compel some parties to arbitration, then Vivint, Aaron Schneider, and Citizens Financial respectfully request that the Court enter an Order staying and abating these proceedings against non-arbitrating parties pending the outcome of the arbitration. Vivint, Aaron Schneider, and Citizens Financial further request all other relief to which they may be equitably or justly entitled.

Dated: August 22, 2025

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

By: /s/ Michael D. Matthews, Jr.
Michael D. Matthews, Jr.
Ryan Goodland
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 337-8879
Facsimile: (713) 337-8859
Email: matt.matthews@mhllp.com
Email: ryan.goodland@mhllp.com

***Attorneys for Vivint, Inc., Aaron Schneider, and Citizens Financial Group, Inc.***

## CERTIFICATE OF CONFERENCE

Pursuant to D.C.COLO.LCivR 7.1, I certify that on August 22, 2025, I had a telephone call with Jeffrey A. Wells, counsel for Plaintiff, in a good faith effort to confer with opposing counsel to resolve the matters raised in this motion. Plaintiff's counsel responded that this motion is opposed.

*/s/ Ryan Goodland*
Ryan Goodland

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on the 22nd day of August 2025 via CM/ECF on all counsel of record.

*/s/ Ryan Goodland*
Ryan Goodland